UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SYNERGETICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:04CV318DDN |
| ) | |
| CHARLES RICHARD HURST, JR., ) | |
| ) | |
| and ) | |
| ) | |
| MICHAEL MCGOWAN, ) | |
| ) | |
| Defendants. ) | |

## STIPULATION AND PROTECTIVE ORDER
## UNDER RULE 26(c), FEDERAL RULES OF CIVIL PROCEDURE

To facilitate the production and receipt of information during discovery in this action, the parties have agreed and stipulated, through their respective counsel, to the entry of this order for the protection of confidential and proprietary information that may be produced or otherwise disclosed during the course of this action.

Now, therefore, upon consideration of the record and proceedings herein, the stipulation of the parties, and pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, IT IS ORDERED THAT:

1.   In responding to a request for discovery, any party or a producing or testifying third-party (which parties and third-parties are collectively referred to hereinafter as "Producers") may designate as "Confidential" any document, information or testimony that the Producer believes in good faith contains or constitutes information that is non-public, confidential, proprietary or commercially sensitive. If disclosure of a confidential document or confidential information to employees or officers of the party

68

requesting the document or information poses a risk of substantial competitive or other business harm to the Producer, the documents or information may be classified as "Confidential/Counsel Only." Information designated as Confidential or Confidential/Counsel Only pursuant to this paragraph shall be considered "Confidential Information."

2. The fact that information is designated as "Confidential" or "Confidential/Counsel Only" under this order shall not determine or affect what a trier of fact may find to be confidential or proprietary. In the absence of a stipulation of all the parties, the fact of such designation shall not be admissible, nor shall the trier of fact be advised of such designation, during the trial of this action.

3. Confidential Information shall be used by the receiving party(ies) solely for purposes of this litigation, and shall not be used for any other purpose during or after the litigation.

4. Documents may be designated as containing Confidential Information by:

(a) Stamping on each page of the document the legend "CONFIDENTIAL" or "CONFIDENTIAL/COUNSEL ONLY." If the document or tangible item is not in paper form, the Producer shall use reasonable and clearly visible means to identify the document or item as Confidential Information.

(b) Deposition testimony shall be treated as Confidential/Counsel Only pursuant to this protective order for a period of twenty-one (21) days after receipt of a copy of the complete deposition transcript by the parties or other Producer to permit the party or other Producer to review the transcript and designate information disclosed therein as Confidential Information. The party or other Producer may designate information disclosed at a deposition as Confidential or "Confidential/Counsel Only": (i) during the deposition, by requesting that the reporter place the appropriate legend as set forth in paragraph (a) hereof on the pages of the transcript containing Confidential Information; or (ii) within twenty-one (21) days after receipt of the transcript, by sending a written list of the particular pages and lines of the transcript that contain such information to outside attorneys for the other party and requesting that the list be affixed to the face of the transcript of each copy thereof.

5.  Confidential Information designated as "Confidential" may be disclosed, summarized or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with this litigation:

(a)  Outside attorneys of record in this action and "in-house" attorneys employed by any party to this action, including without limitation the firms of Husch and Eppenberger, LLC and Harness, Dickey & Pierce PLC, which are actively engaged in preparation for and trial of this action or, in the case of a third-party Producer, its outside attorneys who are actively engaged in representing such third-party during discovery proceedings in this action.

(b)  Officers, directors, or employees of any party hereto who are performing duties in connection with this litigation.

(c)  Other persons (who are not parties and are not employees of, or consultants to, a party to this action) if those persons are: (a) requested by counsel for a party to furnish technical or expert services or to give testimony with respect to the subject matter thereof for trial of this action, or (b) a witness subject to deposition in the action. Each such other person to whom disclosure is to be made shall acknowledge, before such disclosure is made to him or her, in a written assurance in the form of Attachment A hereto and to be maintained by the counsel retaining such person, that he or she has read and is fully familiar with the terms of this order and agrees to comply with and be bound by its terms, unless and until he or she is relieved thereof by further order of the Court.

(d)  Essential clerical and paralegal personnel employed or otherwise retained by the outside attorneys of record in this action, whose access to the documents and things is necessary to store, process and copy them and prepare pleadings and materials for counsel in preparation for discovery or trial, provided that counsel personally informs such personnel of their obligations under this order prior to such access.

(e)  The designated mediator in this matter, any substitute or successor mediator, and any court reporters and videographers who provide services in conjunction with depositions in which such documents, things and information are identified or otherwise referenced, and the Court and its staff.

 (f) Other persons to whom the parties agree in writing, or as ordered by the Court.

6. Confidential Information designated as "Confidential/Counsel Only" may be disclosed, summarized or otherwise communicated in whole or in part only to the following persons, solely for purposes of this litigation:

 (a) Outside attorneys of record in this action and "in-house" attorneys employed by any party to this action, including without limitation, the firms of Husch and Eppenberger, LLC and Harness, Dickey & Pierce PLC, which are actively engaged in preparation for and trial of this action or, in the case of a third-party Producer, its outside attorneys who are actively engaged in representing such third-party during discovery proceedings in this action.

 (b) Other persons (who are not parties and are not employees of, or consultants to, a party to this action) if those persons are: (a) requested by counsel for a party to furnish technical or expert services or to give testimony with respect to the subject matter thereof for trial of this action, or (b) a witness subject to deposition in the action. Each such other person to whom disclosure is to be made shall acknowledge, before such disclosure is made to him or her, in a written assurance in the form of Attachment A hereto and to be maintained by the counsel retaining such person, that he or she has read and is fully familiar with the terms of this order and agrees to comply with and be bound by its terms, unless and until he or she is relieved thereof by further order of the Court.

 (c) Essential clerical and paralegal personnel employed or otherwise retained by the outside attorneys of record in this action, whose access to the documents and things is necessary to store, process and copy them and prepare pleadings and materials for counsel in preparation for discovery or trial, provided that counsel personally informs such personnel of their obligations under this order prior to such access.

 (d) The designated mediator in this matter, any substitute or successor mediator, and any court reporters and videographers who provide services in conjunction with depositions in which such documents, things and information are identified or otherwise referenced, and the Court and its staff.

 (e) Other persons to whom the parties agree in writing, or as ordered by the Court.

In addition, all documents designated as Confidential/Counsel Only shall normally be stored and maintained at the offices of outside attorneys of record or in their custody and control.

7.  All documents and things filed or lodged with the Court which contain Confidential Information, and all pleadings or memoranda which disclose, reproduce or paraphrase such Confidential Information, shall be filed in a sealed envelope or other sealed container on which shall be endorsed the title of this proceeding, an indication of the nature of the contents of such sealed envelope or other container, the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" and a statement substantially in the following form:

> This envelope contains documents filed in this case by [name] and is not to be opened nor the contents thereof to be displayed nor revealed except by Order of the Court.

8.  Any Confidential Information produced by way of exhibit, testimony, brief or Court opinion at trial will be held *in camera*, and such portions of the record will be maintained in sealed envelopes by the Clerk, subject to the Court's and counsels' access and use in this case.

9.  The restrictions set forth in the preceding paragraphs shall not apply to information which: (a) is or becomes public knowledge, in a manner not involving a violation of this order; (b) is acquired by the non-designating party from a third party lawfully in possession of such information and having no obligation to the owner thereof, or (c) was in the lawful possession of the non-designating party prior to disclosure in this action pursuant to this Order and for which the non-designating party has no obligation to the owner thereof or any party.

10. This Protective Order shall be without prejudice to the right of any party or any other Producer:

   (a)  To bring before the Court by motion, at any time, the question of whether any information has been improperly designated as Confidential or Confidential/Counsel Only, in which event the Producer asserting confidentiality shall have the burden of establishing the same;

   (b) To apply to the Court for relief from any requirements hereof, for good cause; and

   (c) To assert any objection that may be applicable with regard to the document or information, or to oppose requests to disclose information as being beyond the scope of discovery authorized by the Federal Rules of Civil Procedure.

  No party or other Producer shall be obligated to challenge the propriety of any designation of Confidential Information, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

  11. The inadvertent or unintentional production of discovery materials without designation as "Confidential" or "Confidential/Counsel Only" or without redaction of non-relevant Confidential Information shall not be deemed a waiver in whole or in part of the Producer's claim of confidential treatment under the terms of this protective order. Any document that is produced without being designated "Confidential" or "Confidential/Counsel Only" may be so designated, and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such document disclosed to persons other than those listed in the above Paragraphs hereof and to prevent further use or disclosure of Confidential Information contained therein by such persons. In the event that any document is produced with non-relevant Confidential Information unredacted, the Producer may notify the receiving party of such fact and provide a redacted copy of such document to the receiving party. Upon receipt of such notice, the receiving party shall make all reasonable efforts to retrieve all unredacted copies, if any, of such document and to prevent further use or disclosure of the information to be redacted and shall return all such unredacted copies to the Producer or certify in writing that they have been destroyed.

  8. At the final conclusion of this action (including any appeals) and unless the Court otherwise orders, any and all other materials, memoranda and documents embodying data concerning said materials or documents designated "Confidential" or "Confidential/Counsel Only" and any copies thereof which have been made, shall be returned to the Producer upon request, or such materials and documents shall be certified in writing to have been destroyed, provided that trial counsel for each party may retain

one copy of all such papers for a period of three (3) years following termination of the litigation, which papers shall remain subject to all other provisions of this stipulation.

9. This Court shall retain jurisdiction over the parties hereto and the persons designated pursuant to Paragraphs 5(c) and 6(b) above respecting any dispute among them pertaining to improper use or dissemination of information and materials disclosed under protection of this order.

IT IS SO ORDERED:

Dated: Nov. 30        , 2004    *[signature]*
David D. Noce
United States Magistrate Judge

- 8 -

By: _____
Rudolph A. Telscher, Jr., #8578
Matthew L. Cutler, #78149
Douglas R. Wilner, #117826

HARNESS, DICKEY & PIERCE
7700 Bonhomme, Suite 400
St. Louis, MO 63105
(314) 726-7500 – Telephone
(314) 726-7501 – Facsimile
E-mail: rtelscher@hdp.com
E-mail: mcutler@hdp.com
E-mail: dwilner@hdp.com

*Attorneys for Plaintiff*

By: _____
Gregory E. Upchurch, #4591
Dutro E. Campbell, II, #83825
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500 – Telephone
(314) 480-1505 – Facsimile

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SYNERGETICS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:04CV318DDN |
| CHARLES RICHARD HURST, JR., | ) |
| and | ) |
| MICHAEL MCGOWAN, | ) |
| Defendants. | ) |

## AGREEMENT CONCERNING MATERIAL COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

The undersigned hereby acknowledges that he or she has read the *Stipulation and Protective Order Under Rule 26(c), Federal Rules of Civil Procedure*, entered in this action by the United States District Court for the Eastern District of Missouri on _____, 2004, that he or she understands the terms thereof, and that he or she agrees to be bound by such terms and agrees to be subject to the jurisdiction of the United States District Court for the Eastern District of Missouri relating to the enforcement of this Agreement.

_____
Date

_____
Printed or Typed Name

_____
Signature

Attachment A